924 So.2d 643 (2006)
Joseph Paul LEVINE, Appellant
v.
CITY OF LOUISVILLE, Mississippi, Appellee.
No. 2005-KM-00174-COA.
Court of Appeals of Mississippi.
March 21, 2006.
Kevin Dale Camp, Jackson, attorney for appellant.
Taylor Tucker, attorney for appellee.
Before MYERS, P.J., CHANDLER and GRIFFIS, JJ.
CHANDLER, J., for the Court.
¶ 1. Joseph Paul Levine was convicted in the Municipal Court of the City of Louisville, Mississippi of driving under the influence of intoxicating liquor in violation of Mississippi Code Annotated § 63-11-30 (Rev.2004). He unsuccessfully appealed to the Circuit Court of Winston County and was ordered to pay a fine of $471.50, assessed $195.50, plus all costs. He was sentenced to forty-eight hours in jail, which was suspended, and he was ordered to attend and complete an alcohol safety education program. He now appeals to this Court and raises this issue:
WHETHER THE TRIAL COURT ERRED IN REFUSING TO GRANT A MOTION TO SUPPRESS STATEMENTS MADE BEFORE THE APPELLANT WAS READ HIS MIRANDA RIGHTS
¶ 2. We find that the circuit court did not commit error, and we affirm.

FACTS
¶ 3. On June 15, 2002, Officer Tonya McWhirter was dispatched to investigate an accident which had occurred in the parking lot at Michael's Restaurant in Louisville, Mississippi. Officer McWhirter requested additional officers and Officer Greg Clark responded. When Officer Clark arrived, both vehicles involved in the accident were in the restaurant's parking lot. Officer Clark began to question Levine about the accident. Levine stated that he had been traveling on Ball Drive and the other vehicle had been coming down North Church Street when both vehicles *644 turned into Michael's Restaurant and collided.
¶ 4. Officer Clark noticed the odor of an intoxicant coming from Levine and questioned him about the smell. Levine stated that he had consumed "some drinks." According to Officer Clark, Levine's coordination appeared to be impaired. Officer Clark advised Levine that he was to be transported to Winston County Correctional Facility for an Intoxilizer test. At the correctional facility, Officer Clark read Levine his rights from the Mississippi Department of Public Safety operator checklist and rights sheet. Levine was informed that his license may be suspended if he choose not to take Intoxilizer 5000 test. Levine choose to take the test which resulted in a reading of .108 and Officer Clark placed Levine under arrest for driving under the influence.
¶ 5. A judgment was entered against Levine in the Municipal Court of the City of Louisville and he filed a notice of appeal to the Circuit Court of Winston County. Levine was found guilty of driving under the influence. He was ordered to pay a fine of $471.50, an assessment of $195.50, plus all costs. Levine was also sentenced to forty-eight hours in jail, which was suspended, and he was ordered to complete an alcohol safety education program.

LAW AND ANALYSIS
¶ 6. The only issue is whether the trial court erred in refusing to grant Levine's motion to suppress the statements made by the him at the scene of the accident. Levine was not given warnings against self-incrimination under Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) at the scene of the accident. The supreme court holding in Miranda states that a person questioned by law enforcement officers after being taken into custody or being deprived of his freedom in any significant way must first "be warned that he has the right to remain silent, that any statement he does make may be used as evidence against him, and that he has a right to the presence of an attorney, either retained or appointed." Id. at 444, 86 S.Ct. 1602. We hold that Levine was not in custody at the time he made the statements. Therefore, the trial court did not err by refusing to grant the appellant's motion to suppress.
¶ 7. As noted by Levine and the City of Louisville, the United States Supreme Court in Berkemer v. McCarty, 468 U.S. 420, 104 S.Ct. 3138, 82 L.Ed.2d 317 (1984), held that motorists detained pursuant to a routine traffic stop did not constitute custodial interrogation within the meaning of Miranda. In Berkemer, the individual was observed weaving in and out of traffic and was stopped by a highway patrol officer. Id. at 420, 104 S.Ct. 3138. When the officer asked Berkemer if he had been drinking, Berkemer admitted that he had consumed two beers and smoked marijuana a short time before. Id. Berkemer was then formally arrested and taken to the county jail. Id. Questioning was resumed at the county jail and Berkemer made other incriminating statements. Id. At no time was the appellant advised using the Miranda warnings. Id. The court held that any statements made in jail were inadmissible since he was in custody. Id. at 421, 104 S.Ct. 3138 The earlier admissions were found admissible. Id.
¶ 8. Levine argues that his situation "escalated from a routine traffic accident to a custodial setting," in an attempt to differentiate his case from Berkemer. Levine contends that he was in custody because a second officer was called to the scene. In Goforth v. Ridgeland, 603 So.2d 323 (Miss. 1992), there were also multiple officers called to the accident scene to investigate, prior to the Goforth being arrested. In Goforth, 603 So.2d at 325, an officer asked *645 Goforth about his alcohol consumption and Goforth stated that he had about two drinks. Goforth also admitted that he had been driving the automobile. Id. The Mississippi Supreme Court did not question that the responses were admissible. Therefore, the fact that there are multiple officers at the scene does not create a custodial setting.
¶ 9. Additionally, Levine argues that he was being investigated for a criminal charge and, therefore, was subjected to restraints associated with a formal arrest. However, in Millsap v. State, 767 So.2d 286 (Miss.Ct.App.2000), cited by the appellant, this Court found that Millsap's statement that there were drugs in the trunk of his car was admissible since he was not in custody within the meaning of Miranda. This Court held that the "noncoercive aspect of ordinary traffic stops prompts us to hold that persons temporarily detained pursuant to such stops are not `in custody' for the purposes of Miranda." Id. at 290(¶ 8) (quoting Berkemer, 468 U.S. at 439, 104 S.Ct. 3138). In Millsap, the Court found that there was "nothing in the record to indicate that Millsap should have been given Miranda warnings at any point prior to the time Officer Hodge placed him under arrest." Id. at 290(¶ 9) (citing Miranda, 384 U.S. 436, 86 S.Ct. 1602). At the time of the questioning by police, Millsaps had already been pulled over for speeding and the Court concluded that the officer was "justified and reasonable in his continued investigation, and the situation did not escalate to a custodial setting." Id. "[T]he Supreme Court has ruled that the police are not required to deliver the Miranda warnings at the precise moment they have probable cause for arrest." Id. at 290(¶ 11) (citing Hoffa v. United States, 385 U.S. 293, 310, 87 S.Ct. 408, 17 L.Ed.2d 374 (1966)). Under this holding, there was no reason for the police to stop the investigation of the accident and give Levine Miranda warnings even if the officers believed that there was probable cause for an arrest.
¶ 10. While Levine has cited cases from other jurisdictions which purport to support his case, the cases from the United States Supreme Court and Mississippi courts clearly support the position taken by the trial court that Levine's statements at the scene of the accident were admissible. We are compelled to find that the issue raised has no merit and the decision of the circuit court should be affirmed.
¶ 11. THE JUDGMENT OF THE CIRCUIT COURT OF WINSTON COUNTY OF CONVICTION OF DRIVING UNDER THE INFLUENCE OF INTOXICATING LIQUOR AND SENTENCE OF FORTY-EIGHT HOURS IN JAIL WHICH WAS SUSPENDED AND FINE OF $471.50, AN ASSESSMENT OF $195.50, PLUS ALL COSTS AND ORDERED TO ATTEND AND COMPLETE ALCOHOL SAFETY EDUCATION PROGRAM IS AFFIRMED. ALL COSTS OF APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, IRVING, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.